[No. 27. Second Appellate District.—July 13, 1905.]

## DORA ANDROS, Respondent, v. L. M. ANDROS, Appellant.

DIVORCE—ADULTERY NOT CONDONED—SUPPORT OF FINDINGS.—Where a divorce was granted to the wife on the ground of adultery of the husband, and the defense was condonation, on the ground that the physical condition of the defendant, long known to the wife before ceasing to cohabit with him, was such as would ordinarily be taken as proof of unfaithfulness, but the court found upon sufficient evidence that plaintiff at first believed his representation that his condition was not so occasioned, and that after becoming convinced of the contrary she never thereafter cohabited with him— the condonation was not sufficiently established to bar the plaintiff's right of action.

APPEAL from a judgment of the Superior Court of San Bernardino County and from an order denying a new trial. Frank F. Oster, Judge.

The facts are stated in the opinion of the court.

H. W. Nisbet, for Appellant.

R. E. Bledsoe, and C. L. Allison, for Respondent.

ALLEN, J.—Action for divorce. Judgment in favor of plaintiff. Defendant appeals from the judgment and order denying a new trial.

It is insisted upon this appeal that the judgment was rendered in violation of section 130 of the Civil Code, which provides that no divorce can be granted upon the default of the defendant, or upon the uncorroborated statement, admission, or testimony of the parties; and that if any matrimonial offense had been established the same had been completely and fully condoned. The court found in favor of the plaintiff upon all of the material issues, and while the corroborating testimony tending to establish the marital offense was slight, there was, nevertheless, some testimony to justify the court in its finding in that regard.

As to the question of condonation, which by section 115 of our Civil Code is declared to be the conditional forgiveness of a matrimonial offense constituting a cause of divorce, and by section 116 such condonation requires a knowledge on the part of the condoner of the facts constituting the cause of divorce, the record discloses that the defendant's physical condition, known to plaintiff long before she ceased to cohabit with him as his wife, was such as would ordinarily be taken as proof of unfaithfulness; yet it appears from the testimony—and the court accepted it as the truth—that the plaintiff believed the representations of her husband that his condition was not so occasioned. This no doubt upon the theory that the confidence of a wife in her husband's loyalty leads her often to accept as true that which would not be accepted if proceeding from a stranger. There was some testimony to warrant the court in finding that after becoming convinced of the cause of his physical condition she never thereafter cohabited with him as his wife; and there was sufficient testimony to warrant

the court in finding that his physical condition was the result of an adulterous act.

We think the condonation was not established sufficiently to bar the plaintiff's right of action, and we perceive no error in the record.

Judgment and order affirmed.

Gray, P. J., and Smith, J., concurred.