Argued November 6, decided December 8, 1908.

## LAYCOCK *v.* LAYCOCK.

[98 Pac. 487.]

DIVORCE—ACTIONS FOR DIVORCE—GROUNDS—EVIDENCE.

1. In a suit by a wife for divorce, evidence *held* to show that the husband had frequented houses of ill fame and had contracted a venereal disease, justifying a decree.

DIVORCE—DEFENSES—"CONDONATION."

2. Condonation is the forgiveness of one of the married parties of an offense which he knows the other has committed against the marriage. There can be no condonation without knowledge.

DIVORCE—DEFENSES—CONDONATION.

3. A wife who was ignorant of the nature of a venereal disease and relied on the statements of her husband, suffering from the disease, that he had been infected in some innocent manner, did not condone the husband's offense by living with him until she learned of his deception and of the fact that he had frequented houses of ill fame and had thereby contracted the disease, especially where the husband a few months later compelled her without reason to leave home.

DIVORCE—ALIMONY.

4. A husband owning real and personal property, though indebted in an amount equal to the value of the personal property, is not relieved from the payment of a reasonable sum for the education of his child and for the support of his wife, obtaining a divorce and the custody of the child on the ground of his misconduct.

DIVORCE—ALIMONY.

5. A husband owned about 160 acres of land and considerable personal property, which was unincumbered, but he was indebted in an amount equal to the value of the personalty. His wife obtained a divorce from him, and was awarded the custody of their child. *Held*, that he would be required to pay to the wife $20 a month for the education of the child and $2,500, in gross, for the maintenance of the wife.

From Grant: GEORGE E. DAVIS, Judge.

This is a suit by Mattie C. Laycock against John Laycock, Jr. for a divorce. Defendant by his further and separate answer prays for a decree in his favor. From a decree denying relief to either party, both plaintiff and defendant appeal.

REVERSED ON PLAINTIFF'S APPEAL: DECREE RENDERED.

For appellant (plaintiff) there was a brief over the names of *Mr. Errett Hicks* and *Mr. J. E. Marks,* with an oral argument by *Mr. Hicks.*

For respondent there was a brief with oral arguments by *Messrs. Cattanach & Wood.*

PER CURIAM: This is a suit for divorce. The complaint charges that during the month of December, 1906, defendant visited houses of prostitution in Pendleton, and then and there contracted a loathsome venereal disease; that upon his return home, about the last of the month, he falsely and fraudulently represented to plaintiff that he did not know how he had contracted such disease, but probably by coming in contact with infected clothing, or in some other innocent manner; that plaintiff, being ignorant of the nature and character of such disease, and having confidence in defendant, believed such representations and continued to live with him until the 13th of April, 1907, when he commanded and required her to leave home. The answer admits that defendant had the loathsome disease, as alleged in the complaint, but denies that it was contracted in houses of prostitution, but avers that it was communicated to him by plaintiff; denies that defendant ever commanded or required plaintiff to leave him, but that she left voluntarily and of her own free will. For a further and separate defense, and as a ground for affirmative relief, it is alleged that plaintiff was guilty of adultery, with a person named, in the years 1904 and 1905. The court below found that the charges of adultery made by defendant against plaintiff were not supported by the testimony; that defendant did not contract the venereal disease referred to in the complaint from plaintiff, or from any other woman, but in a manner the court could not determine; and denied relief to either party. Both parties appeal.

The evidence is voluminous, and of such a character as to render it highly improper to make extended extracts therefrom. It is sufficient for the purposes of this case to state our conclusions after a careful examination of the testimony. The plaintiff and defendant were married in Grant County in January, 1889, and have one

child—a girl seven years old—the issue of such marriage. They seem to have lived together without any disagreement or trouble until December, 1906, when defendant returned home from Pendleton with a loathsome venereal disease, which he represented to his wife he had contracted from her; but, upon being assured that that was impossible, said it was probably contracted by coming in contact with infected clothing or the like. They continued to live together, resuming their marriage relations, after an interval of a month or six weeks, until the last of April, 1907, when defendant informed plaintiff that they could not live together any longer, and that she must leave, which, after some remonstrance, she did, defendant giving her $50 in money and permitting her to take a few of her personal belongings.

1. The court was eminently right in finding that there was no evidence to sustain the charges of adultery against plaintiff. The defendant himself did not put any credence in the reputed misconduct of his wife until after he had dismissed her and thought it necessary to find some excuse for his own misconduct. But we are unable to concur in the view that the charges made by plaintiff against defendant are unfounded. It is admitted by him that he had a venereal disease, as alleged in the complaint. He gives no explanation as to how he contracted it, except that it was communicated to him by the plaintiff, which the evidence shows to be wholly unfounded, or that he received it by coming in contact with infected clothing and the like—a highly improbable explanation in view of the other facts in the case. It is shown by the testimony, and, in fact, admitted by defendant, that about the time he contracted the disease he visited houses of prostitution in Pendleton, and that he was not an infrequent visitor to such houses in Pendleton, Ontario, and other points on the railroad whenever he went out on the road on business. It is certainly much more rea-

sonable, under these circumstances, to conclude that he contracted the disease in the manner such diseases are usually contracted, than to accept his explanation.

2. Nor do we think plaintiff condoned the offense by living with him for three or four months after knowing of his diseased condition. The evidence shows that she was ignorant of the nature and character of such disease, and relied upon his statements in reference thereto, and did not learn of his deception or that he had visited houses of prostitution until after she had been dismissed from home by him. Condonation is the remission or forgiveness, by one of the married parties, of an offense which he knows the other has committed against the marriage: 2 Bishop, Mar. & Div. § 269. And consequently there can be no condonation without knowledge.

3. Because plaintiff had faith and confidence in her husband and relied upon his statements, she ought not to be held to have condoned his offense, especially since a few months later he compelled her, without any sufficient reason, to leave her home: *Andros* v. *Andros*, 1 Cal. App. 309 (82 Pac. 90) ; *Williams* v. *Williams*, 77 Ill. App. 229; *Wilson* v. *Wilson*, 16 R. I. 122 (13 Atl. 102). We are, therefore, of the opinion that plaintiff is entitled to a decree of divorce and to the custody of the minor child.

4. The only remaining question is the amount defendant shall be required to contribute for the education and nurture of such child, and for the support and maintenance of plaintiff. At the time of their marriage, neither plaintiff nor defendant had any property, except, perhaps, a few head of stock. During the marriage defendant acquired title to about 600 acres of land of the probable value of $10,000, and from $18,000 to $20,000 worth of personal property, principally stock. A short time before the separation the real property, except about 160 acres, was conveyed to defendant's father, both

plaintiff and defendant joining in the deed. The complaint charges that this conveyance was, without consideration, made by defendant in contemplation of the separation, and for the purpose of defrauding plaintiff, but the evidence does not sustain the averment. The testimony shows that the land conveyed was mortgaged at the time for about $2,000, and defendant was indebted to his father in a sum equal to the value of the property, over and above the mortgage, and that the conveyance was made in satisfaction and payment of such indebtedness. The personal property is unincumbered, but defendant claims he is indebted to divers and sundry persons in an amount equal, or in excess of, its value; but this ought not to relieve him from the payment of a reasonable sum for the nurture and education of his child, and for the support and maintenance of his wife, whom he wrongfully put away.

5. He will therefore be required to pay to plaintiff $20 a month for the nurture and education of their minor child, unless otherwise ordered by the court below, and the sum of $2,500, in gross, for her support and maintenance.

The decree of the court below will be reversed, and one entered here in accordance with this opinion.

REVERSED: DECREE RENDERED.